**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2021

LETTER TO COUNSEL

RE:     *Eston S. v. Commissioner, Social Security Administration*
        Civil No. SAG-20-3131

Dear Counsel:

On October 28, 2020, Plaintiff Eston S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda. ECF Nos. 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on February 2, 2018, alleging a disability onset date of September 19, 2017. Tr. 215-16. Plaintiff later amended his disability onset date to October 1, 2018. Tr. 214. His claims were denied initially and on reconsideration. Tr. 70, 79, 94, 106. On February 26, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 28-61. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-27. The Appeals Council denied Plaintiff's request for review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "lumbosacral spondylosis, lumbar sciatica, osteoarthritis of the knees, obesity, and HIV." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, occasionally balance, frequently stoop, occasionally kneel, frequently crouch, and occasionally crawl.

*Eston S. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3131
September 21, 2021
Page 2

Tr. 16.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a tank truck driver or sales route driver, but that he could perform other jobs existing in significant numbers in the national economy.  Tr. 19-21.  Therefore, the ALJ concluded that Plaintiff was not disabled from his alleged onset date through December 29, 2019, but that Plaintiff "became disabled on [December 30, 2019] and has continued to be disabled through the date of this decision."  Tr. 21.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: 1) failed to find that Plaintiff's diabetes was a severe impairment; and 2) failed to include sufficient physical limitations in his RFC assessment.[1]  ECF No. 14-1 at 7-9.

Plaintiff first argues that the ALJ erred at step two of the sequential evaluation by concluding that his diabetes was not "severe." *Id.* at 10-12.  At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii).  An impairment is considered "severe" if it significantly limits the claimant's ability to do basic work activities.  *See* 20 C.F.R. § 404.1522.  The claimant bears the burden of proving that an impairment is severe.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Step two is simply a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, Civil No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement.")).  Once a severe impairment is found, the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts his ability to perform work.  *See* 20 C.F.R § 404.1520.

Here, the ALJ found that Plaintiff's diabetes was nonsevere because it was controlled and because Plaintiff did not "report any functional limitations due to [this] condition.  Furthermore, medical evidence of record does not support a finding that [Plaintiff's diabetes] cause[s] more than a minimal interference in his ability to complete work tasks."  Tr. 16.  Because Plaintiff made the

---

[1] Plaintiff also argues that the ALJ failed to provide the VE with a sufficient hypothetical.  ECF No. 15-1 at 12-13.  Specifically, Plaintiff contends that the ALJ's failure to include additional physical limitations in the hypothetical to the VE rendered the VE's opinion deficient.  However, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence.  *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).  In this case, as noted above, the ALJ provided substantial evidence to support his conclusion that Plaintiff's condition did not warrant additional physical restrictions in the RFC assessment.  Therefore, the ALJ was under no obligation to include additional physical limitations in his hypothetical to the VE.

*Eston S. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3131
September 21, 2021
Page 3

threshold showing that several of his other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all impairments, both severe and nonsevere, when determining Plaintiff's RFC.  Tr. 15-19; *see* 20 C.F.R. § 404.1545.  Any step two error, therefore, would not necessitate remand.

Next, Plaintiff contends that the ALJ did not "reflect all of [Plaintiff's] substantiated limitations" in his RFC.  ECF No. 15-1 at 12.  "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996).  The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p).  "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'"  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  A proper narrative is necessary for judicial review.  *See Geblaoui v. Berryhill*, Civil No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) ("Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence.").  Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In this case, Plaintiff argues that the ALJ failed to include limitations regarding Plaintiff's ability to sit, stand, and walk for a limited amount of time in his RFC assessment.  ECF No. 15-1 at 12-13.  Plaintiff references the statements of Dr. Christie Basseth and physical therapist Mr. Yves Joseph, which note that Plaintiff can only sit for 20-30 minutes and stand for 10-15 minutes at one time; can sit, stand, and walk for less than two hours in an 8-hour workday; and must walk between every 5 minutes and every 45-60 minutes throughout the workday.  Tr. 583, 590.  The ALJ addresses these statements in Plaintiff's RFC assessment, however, and explains why he found them to be unpersuasive.  R. at 19.  Specifically, the ALJ noted that Dr. Basseth treated Plaintiff's HIV and did not "perform relevant musculoskeletal examinations to support these limitations."  *Id.*  The ALJ also found Mr. Joseph's statement internally inconsistent and unpersuasive because Mr. Joseph stated that Plaintiff's limitations extended back to 2017 even though he began treating Plaintiff in 2020, and because Mr. Joseph stated that Plaintiff had extreme limitations in his ability to sit, stand, and walk but alternatively noted that Plaintiff's prognosis was good, Plaintiff was experiencing less pain, Plaintiff's clinical findings were generally fair, and Plaintiff could climb stairs frequently.  *Id.*  Accordingly, the ALJ found that these limitations were not substantiated.  The ALJ, instead, noted that he found the opinions of the state agency reviewing physicians to be persuasive, which both stated that Plaintiff could perform light work with some restrictions, because these opinions were consistent with "relevant medical evidence, including the diagnostic imaging results and physical examination results."  R. at 18.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal

*Eston S. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3131
September 21, 2021
Page 4

standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays*, 907 F.2d at 1456.  Here, the ALJ provided substantial evidence to support his conclusion that Dr. Basseth's and Mr. Joseph's statements were unpersuasive and not consistent with the evidence of record.  Remand on this basis is therefore unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED.  The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

4